UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Nathan Bryan Bittle,

        Plaintiff,                                Case No. 23-cv-11654
                                                           Honorable Sean F. Cox

v.

Heidi Washington, *et al.*,

        Defendants.

_____/

## OPINION AND ORDER DISMISSING CASE AND
## DENYING LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS*

Plaintiff Nathan Bryan Bittle has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.  Bittle alleges that defendants violated his rights under the Eighth and Fourteenth Amendments when they negligently failed to prevent another inmate from assaulting him.  For the reasons that follow, the Court holds that the complaint fails to state a claim upon which relief may be granted and dismisses the case.

**I.**  **The Complaint**

At the time he filed the complaint Bittle was incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan.  He has since been discharged from custody. *See* Michigan Department of Corrections (MDOC) Offender Tracking Information System   http://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=927065   (last accessed October 2, 2023).

Bittle names as defendants MDOC Director Heidi Washington, four MDOC corrections officers (Bialowas, Ward, Brown, and Garrow) and two wardens (Noah Nagy and K. Cargor). He names them in their personal and official capacities.

Bittle's claims arise from an April 9, 2023 incident at the Cotton Correctional Facility. He alleges that, on that date, he was involved in an altercation with another inmate. (ECF No. 1, PageID.7.) Corrections officers then placed both inmates in handcuffs. (*Id.*) As Bittle and the other inmate were being led away, the other inmate kneed Bittle in the groin. (*Id.*) Bittle was unable to defend himself because he was handcuffed. (*Id.*) He states that he "suffered physical injury due to the negligent actions of the MDOC staff." (*Id.*) Healthcare staff inspected Bittle for any injuries he may have suffered from the fistfight but did not address the injury to his groin. (*Id.* at PageID.8.) Bittle seeks monetary damages. (*Id.*)

**II.   Standard**

Bittle has been granted leave to proceed without prepayment of the filing fee for this action. Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).

To state a federal civil rights claim, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

**III.  Discussion**

Bittle alleges that Defendants violated his rights under the Eighth and Fourteenth Amendments by failing to protect him from being kneed in the groin by another inmate. Prison officials have a duty to take reasonable measures to ensure the safety of inmates from other inmates. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). When the inmate is a pretrial detainee, the protection arises under the Fourteenth Amendment. *Greene v. Crawford County*, 22 F.4th 593, 605-07 (6th Cir. 2022). When the inmate is a convicted prisoner, the right arises under the Eighth Amendment. *Id.* Because Bittle was a convicted prisoner, his failure-to-protect claim is analyzed under the Eighth Amendment standard.

Prison staff must "take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). To state an Eighth Amendment failure-to-protect claim, a plaintiff must satisfy two requirements, one objective and one subjective. *Farmer*, 554 F.3d at 834. First, under the objective component, a plaintiff must show exposure to "a substantial threat of serious harm." *Id.* at 837. Second, under the subjective component, a plaintiff must show that a prison official knew of and disregarded "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* A plaintiff must show that each of the defendants were aware of a substantial risk, and actually disregarded it. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844.

The Court finds Bittle's factual allegations insufficient to state a plausible Eighth Amendment claim. Nothing in the complaint suggests that he was exposed to a "substantial threat of serious harm." *Farmer*, 554 F.3d at 834. Bittle and the other inmate were each handcuffed and being led away from the altercation site when Bittle was kneed. Once they were both handcuffed, it would have been reasonable for prison officials to perceive no substantial threats of physical harm. The complaint also does not contain allegations that any of the Defendants were aware of and disregarded any

4

particular risk to Bittle from the other inmate. Accordingly, Bittle fails to state a claim upon which relief may be granted.

## IV. Conclusion

For the reasons stated, the Court **DISMISSES** Plaintiff's civil rights complaint. The Court also concludes that an appeal from this order cannot be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: October 20, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 20, 2023, by electronic and/or ordinary mail.

s/J. McCoy
Case Manager